IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KHPALWAAK BURRAI,

    Plaintiff,

v.                                              Civ. No. 17-878 SMV/GBW

SOUTHWEST CAPITAL BANK,

    Defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTION FROM DEPOSITION AND DENYING DEFENDANT'S MOTION FOR SANCTIONS

This matter comes before the Court on Plaintiff's Motion for Protection from Deposition (*doc. 19*) and Defendant's Response thereto (*doc. 20*), seeking sanctions against Plaintiff for having to respond to Plaintiff's motion. In his motion, Plaintiff asks the Court to prevent Defendant from deposing Plaintiff. For the following reasons, the Court DENIES both Plaintiff's motion and Defendant's request for sanctions.[1]

    I.        PLAINTIFF'S MOTION FOR PROTECTION FROM DEPOSITION

A party may take the deposition of "any person, including a party" pursuant to the procedures outlined in the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 30(a)(1)–(2). Where a party shows good cause for an order protecting him from annoyance, embarrassment, oppression, or undue burden or expense, the Rules

---

[1] The Court issued an oral ruling denying Plaintiff's Motion during the Rule 16 scheduling conference held in this matter on October 25, 2017. Despite the motion having been resolved, Defendant filed its response seeking sanctions one day later, precipitating the need for this written ruling.

anticipate several ways that courts may limit the scope of the discovery sought in order to address those concerns. *See* Fed. R. Civ. P. 26(c). Yet, barring extraordinary circumstances, courts rarely will grant a protective order which totally prohibits a deposition. Instead, "[m]otions to thwart a deposition . . . are ordinarily denied." *Leighr v. Beverly Enterprises–Kansas Inc.*, 164 F.R.D. 550, 552 (D. Kan. 1996)). However, a court "may grant a protective order prohibiting the taking of a deposition when it believes that the information sought is wholly irrelevant to the issues or prospective relief." *Id.* at 551-52. "The party seeking a protective order . . . has the burden to demonstrate good cause and/or the privilege to be protected." *Morales v. E.D. Etnyre & Co.*, 228 F.R.D. 694, 696 (D.N.M. 2005) (citing Fed. R. Civ. P. 26(c)).

Here, the Court finds that Plaintiff did not meet his burden to demonstrate good cause to prohibit Defendant from deposing him. Plaintiff's main basis for seeking a protective order is that Defendant may use the deposition as an opportunity to make false allegations against Plaintiff. *See doc. 19*. However, Plaintiff has not provided concrete reasons to support a finding that a deposition of Plaintiff would be oppressive or unduly burdensome. *See Quarrie v. N. M. Inst. of Mining & Tech.*, 621 F. App'x 928, 930, 932 (10th Cir. 2015) (unpublished) (not an abuse of discretion to find motion for protective order frivolous, where the plaintiff contended that he should be protected from deposition because a deposition "would be an extension of Defendants' oppressive acts."). Further, written discovery would not be an adequate substitute for

2

an oral deposition of Plaintiff, and Plaintiff has not shown that the information sought would be "wholly irrelevant to the issues." *See Leighr*, 164 F.R.D. at 551-52. Rather, the deposition of the party who has initiated the litigation is essential to the discovery of pertinent information that Defendant may not obtain by other means without undue burden. In consideration of the foregoing, Plaintiff's Motion for Protection from Deposition is hereby DENIED.

## II. DEFENDANT'S MOTION FOR SANCTIONS

Defendant, in its Response to Plaintiff's Motion for Protection from Deposition (*doc. 20*), asks this Court to require Plaintiff to pay the costs and attorneys' fees that Defendant incurred in having to respond to Plaintiff's motion, which Defendant deems frivolous. The Court DENIES Defendant's request for the following reasons.

Upon resolution of a motion for protective order, the "losing" party must be required to pay the reasonable expenses incurred in making or opposing the motion. *See* Fed. R. Civ. P. 26(c)(3) (making Fed. R. Civ. P. 37(a)(5) applicable to motions for protective orders). However, this payment shall not be required if (i) the prevailing party failed to make a good faith effort to obtain the disclosure without court action; (ii) the "losing" party's grounds were "substantially justified" or (iii) the "circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5).

The Court explicitly denied Plaintiff's motion at the Rule 16 conference on October 25, 2017, after permitting Defendant to respond orally. *See doc. 23.* As the

Court noted, proceeding in that fashion was designed to mitigate Defendant's effort in responding to the motion.  *See id*.  Nonetheless, Defendant filed its Response the next day.  *See doc. 20*.  Defendant's Response does not claim that it should be awarded costs because the Response was substantially completed prior to the Court's oral ruling.  Moreover, Defendant's Response relies exclusively on state procedural law which is inapplicable in federal court.  Under these circumstances, the Court finds that an award of expenses to Defendant would be unjust.

In consideration of the foregoing, the Court hereby DENIES Plaintiff's Motion for Protection from Deposition (*doc. 19*) and further DENIES Defendant's request for sanctions contained in its Response to Plaintiff's Motion (*doc. 20*).

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
United States Magistrate Judge