IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KHPALWAAK BURRAI,

    Plaintiff,

v.                                                               Civ. No. 17-878 SMV/GBW

SOUTHWEST CAPITAL BANK,

    Defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTION AND GRANTING DEFENDANT'S REQUEST FOR ATTORNEY'S FEES

This matter comes before the Court on Plaintiff's Motion for Protection from Continuous Discrimination and Verbal Abuse. *Doc. 45.* The Court construes Plaintiff's Motion as seeking a protective order under Rule 26(c), a request spurred by interactions that occurred during Plaintiff's deposition of Ms. Saavedra. Fed. R. Civ. P. 26(c).[1] For

---

[1] The relevant provision states:
**(c) Protective Orders.**
    **(1)** *In General.* A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending -- or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. **The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:**
        **(A)** forbidding the disclosure or discovery;
        **(B)** specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;
        **(C)** prescribing a discovery method other than the one selected by the party seeking discovery;
        **(D)** forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
        **(E)** designating the persons who may be present while the discovery is conducted;
        **(F)** requiring that a deposition be sealed and opened only on court order;

1

the following reasons, Plaintiff fails to demonstrate good cause for the Court to grant his motion.

Plaintiff, proceeding *pro se*, conducted a deposition of Lorin Saavedra on January 3, 2018, in connection with his employment discrimination case against Ms. Saavedra's employer, Defendant Southwest Capital Bank. *See doc. 45* at 1. A review of the deposition transcript reveals that Plaintiff became frustrated as he deposed Ms. Saavedra and began asking her improper questions, such as, "[y]ou're proud of the discriminatory actions you took against me. You are proud of that, correct?" *Doc. 53-1* at 1, Saavedra Dep. 7:14-15. He further inappropriately pressured the witness by repeatedly asking her for answers to questions to which she had already responded by explaining she did not know the answers, and by threatening to call the police, sheriff's department, and FBI. *See generally docs. 53-1-53-5*. At one point, Plaintiff asked Ms. Saavedra whether she sent people to follow him from December 15, 2016 through January 2017. *Doc. 53-5* at 1, Saavedra Dep. 73:7-8. Ms. Saavedra responded, "No." *Id.* at 73:9. Notwithstanding her answer, Plaintiff then asked twice for the names of the people who were following him. When Ms. Saavedra repeatedly responded she did not know what Plaintiff was referring to, Plaintiff told Ms. Saavedra, "If you don't

---

**(G)** requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
**(H)** requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

Fed. R. Civ. P. 26(c) (emphasis added).

cooperate with this, I may ask the police for an investigation. I don't feel peaceful." *Id.* at 73:10-17. Counsel for Defendant properly requested that Plaintiff conduct the deposition in a professional fashion and objected to improper questions:

> Mr. Burrai, I've been very patient with you. You've accused the witness of being a liar. You have alleged that you'll have them prosecuted. You've alleged that you will involve the FBI. Now you're alleging that you will call the police again. Please ask questions. This is the process of discovery. It is not for you to threaten my clients. So please do not threaten my clients.

*Doc. 53-5* at 1, Saavedra Dep. 73:18-24.

Following this exchange, Plaintiff asked defense counsel whether counsel was accusing Plaintiff of threatening Ms. Saavedra, and asserted he was merely asking Ms. Saavedra a question. The following colloquy ensued:

> [Counsel for Defendant]: So ask your question. Do you have a question, sir? Are you angry right now? Are you upset? You want to engage in some kind of violent act?
> [Plaintiff]: You're accusing me for violence, correct?
> [Counsel for Defendant]: I'm asking you.
> [Plaintiff]: No, you're accusing me that I'm causing some problem.
> [Counsel for Defendant]: I'm asking you.
> [Plaintiff]: You just accused me, correct?
> [Counsel for Defendant]: I'm asking you the question, sir.
> [Plaintiff]: You accused me.

*Doc. 45*, Ex. A, Saavedra Dep. 74:3-14.

Based on this exchange, Mr. Burrai contends in his motion for protection that defense counsel wrongfully accused him of making threats and of being a violent individual, constituting discrimination based on his race and religion. *Doc. 45* at 1.

3

However, defense counsel merely asked whether Plaintiff was upset, based on what defense counsel perceived to be Plaintiff's agitated behavior, and asked him to return to questioning the witness or to end the deposition. *Doc. 53-5* at 2, Saavedra Dep. 74:15-75:12.

As for relief, Plaintiff's motion asks (1) for a Court order "stopping the Defendant/counsel from further acts of discrimination and abuse," (2) that "punitive measures" be taken against Defendant and defense counsel, and (3) for sanctions. *Doc. 45* at 2. Plaintiff does not identify what source of authority would allow the Court to grant such relief to a person acting as an attorney on his own behalf, who was conducting a deposition of the opposing party's witness. Generally, Rule 26(c) anticipates orders to protect parties or other persons from whom discovery is sought, not to protect a person taking a deposition from allegedly offensive statements made by opposing counsel. Fed. R. Civ. P. 26(c). However, considering the foregoing, even if such relief were available under Rule 26(c), the Court finds no basis for claims of discrimination and verbal abuse from which Plaintiff might rightfully seek protection. Therefore, the Court hereby DENIES Plaintiff's Motion.

Further, upon resolution of motions to compel or for protective orders, the "losing" party must be required to pay the reasonable expenses incurred in making or opposing the motion. *See* Fed. R. Civ. P. 26(c)(3); Fed. R. Civ. P. 37(a)(5). However, this payment shall not be required if (i) the "losing" party's grounds were "substantially

4

justified" or (ii) the "circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). The Court finds neither of these exceptions applicable. In fact, Plaintiff's Motion lacked substantial justification and has caused unnecessary Court intervention and briefing in the matter. Thus, Plaintiff is ordered to pay Defendant's reasonable expenses and attorney's fees for Defendant's briefing of the response to Plaintiff's Motion. Within seven days of the entry of this Order, Defendant shall file an affidavit outlining its expenses as described above. Plaintiff's objections to the amount claimed by Defendant, if any, shall be filed within seven days of the filing of the affidavits.

WHEREFORE, Plaintiff's Motion for Protection (*doc. 45*) is DENIED and Defendant's request for its attorney's fees and costs reasonably expended in responding to Plaintiff's Motion in accordance with Fed. R. Civ. P. 37(a)(5)(B) is GRANTED. *Doc. 53*.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
United States Magistrate Judge